Filed 8/12/26  In re S.Z. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.Z., a Person Coming Under the Juvenile Court Law. | H053563<br>(Santa Clara County<br>Super. Ct. No. 25JV47094C) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>S.Z.,<br><br>    Defendant and Appellant. | |

In December 2024, S.Z. threatened to kill his ex-girlfriend J.P., who obtained a protective order against him.  Six months later, S.Z. confronted J.P. outside her home and was charged in a juvenile wardship petition with, among other things, knowingly violating the protective order.  After a trial, the juvenile court adjudged S.Z. a ward of the court and placed him on probation.

S.Z. appealed, and we appointed counsel to represent him.  Counsel filed an opening brief stating the case and the facts, but raising no issues.  We advised S.Z. of his right to file written argument on his own behalf but received no response.

We have reviewed the full appellate record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  In light of

this review, we requested supplemental briefing concerning the dispositional minute order, which the Attorney General conceded mistakenly specified a maximum time of confinement. As explained below, we accept that concession. Otherwise, we find no arguable issue for appeal. Accordingly, we affirm the judgment, but direct the trial court to prepare an amended dispositional minute order.

## I. BACKGROUND

At some point, S.Z. had a dating relationship with another minor, J.P. J.P. ended the relationship around December 2024, but S.Z. adamantly objected.

### A. The First Petition (Case No. 25JV47094A)

On December 16, 2024, J.P. reported two threatening incidents to police. Two days earlier S.Z. had sent her a text message stating, "I'm going to kill you." The next day, J.P.'s mother encountered S.Z. at her family's apartment complex peering through windows, and although he eventually left at the mother's urging, S.Z. later texted J.P. that he would sleep outside the apartment complex and wait for her.

Several weeks later, S.Z. was arrested on unrelated charges for possessing a concealed firearm as a minor. A juvenile wardship petition was filed, joining a stalking charge arising from the first incident with firearms charges from the incident several weeks later, and S.Z. was released a few days afterwards subject to court orders to have no contact with J.P. and to possess no firearms.

### B. The Second Petition (Case No. 25JV47094B)

After several weeks on release, S.Z. was arrested again for grossly negligent firearm discharge, and a second juvenile wardship petition was filed against him. After his arrest in connection with this charge, S.Z. spent nearly two months in custody. Then, as part of an agreement with the prosecution, S.Z. admitted the allegations in the first petition, and the court dismissed the second one.

2

### C. The Third Petition (Case No. 25JV47094C)

Within a month of S.Z.'s release from custody in connection with the negligent discharge petition, he committed the offense that gave rise to the third juvenile wardship petition and the proceedings at issue in this appeal.

#### 1. The June 2025 Incident

On the evening of June 11, 2025, S.Z. accosted J.P. near her apartment. He was accompanied by some of his friends in a nearby vehicle, and he confronted J.P. about seeing another young man and asked her who she was seeing. J.P. rebuffed S.Z., and he became more aggressive. However, when one of S.Z.'s friends told him to get in the car and told J.P. to go upstairs, both complied, and the incident ended. About an hour later, police arrested S.Z. for violating the restraining order.

#### 2. The Allegations

The next day, the district attorney filed the third petition, which later was amended to allege S.Z. committed (1) stalking in violation of a restraining order (Pen. Code, § 646.9, subd. (b)) and (2) violation of a protective order (*id.*, § 273.65, subd. (a)). (Subsequent undesignated statutory references are to the Penal Code.)

#### 3. The Jurisdictional Hearing

At a contested jurisdictional hearing on the third petition, J.P. and her mother testified. J.P. described the incident and testified that, near the end of the confrontation, she asked if S.Z. was going to hit her "because he's known for doing that." Her mother described calling the police after J.P. related that S.Z. had confronted her. She watched S.Z. drive away slowly, and just after the incident J.P. repeatedly told her in a state of high distress that "[h]e's going to kill me." The prosecution argued that, even in the absence of an overt threat from S.Z., his conduct satisfied the requirements for stalking because he posed a credible threat to J.P. and his behavior caused credible fear because it "revealed an obsession that a reasonable person would understand is threatening." (See

3

§ 646.9, subd. (a) [requiring "a credible threat with the intent to place [the victim] in reasonable fear"].)

The juvenile court sustained the allegation of violating a protective order. However, the court found that the stalking allegation had not been proven beyond a reasonable doubt because there was insufficient evidence that S.Z. had made a credible threat with intent to induce fear in J.P., and therefore it dismissed that count.

**D. The Disposition**

In a joint disposition hearing for the first and third juvenile wardship petitions, the juvenile court placed S.Z. on probation for three years pursuant to section 1203.097. The probation terms omitted fines or other assessments, but included standard conditions such as parental custody with probation officer supervision along with a renewed no-contact order for J.P., an additional order to stay 100 yards away from her residence, and an order to complete a 26-week domestic violence prevention course.

The court also stated that the maximum time of confinement in the case would have been two years, eight months, and this figure was included in the dispositional minute order.

S.Z. filed a timely notice of appeal in the case involving the third petition.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find one issue for appeal.

The first page of the dispositional minute order specifies a maximum time of confinement: "Max time: 2 years, 8 months." As the Attorney General acknowledges, because the trial court did not remove S.Z. from the custody of his parents and instead ordered him "returned to the custody of the parent on Probation," the dispositional minute order should not have specified the maximum time of confinement. (See Welf. & Inst. Code, § 726, subd. (d)(1) [requiring wardship orders to specify the maximum time of

confinement "[i]f the minor is removed from the physical custody of the minor's parent or guardian"]; see also *In re G.C.* (2020) 8 Cal.5th 1119, 1129 [where juvenile not removed from parental custody, the "court was not called upon to specify *any* maximum term of confinement"]; *In re P.A.* (2012) 211 Cal.App.4th 23, 32 ["the court must . . . decline to state any term of confinement . . . if the minor is not removed from his parents' custody"].) Accordingly, the dispositional minute order must be amended to strike the provision purporting to set a maximum confinement time. (See *In re A.C.* (2014) 224 Cal.App.4th 590, 592.)

Otherwise, we find no arguable issue on appeal and therefore conclude that appellate counsel has complied fully with her responsibilities. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

### III. DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended dispositional minute order striking the term "Max time: 2 years, 8 months."

_____

BROMBERG, J.

WE CONCUR:

_____

LIE, ACTING P. J.

_____

WILSON, J.

*People v. S.Z.*
H053563